IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GENENTECH, INC. and            )
INTERMUNE, INC.,               )
                               )
            Plaintiffs,        )
                               )
        v.                     )    C.A. No. _____
                               )
SHILPA MEDICARE LIMITED,       )
                               )
            Defendant.         )
                               )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Genentech, Inc. ("Genentech") and InterMune, Inc. ("InterMune") (Genentech and InterMune, collectively, "Plaintiffs"), by their attorneys, for their Complaint against Defendant, Shilpa Medicare Limited ("Shilpa" or "Defendant"), allege as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, concerning Defendant's submission of Abbreviated New Drug Application No. 212606, which seeks approval from the U.S. Food and Drug Administration ("FDA") to market a generic copy of Plaintiffs' drug Esbriet® (pirfenidone) 267 and 801 mg tablets, in violation of Plaintiffs' exclusive rights held under numerous patents that Plaintiffs have listed with the FDA for Esbriet®.

2.      Plaintiffs seek a judgment of patent infringement under 35 U.S.C. § 271(e)(2)(A), and the remedies provided under the Hatch-Waxman Act specified in 35 U.S.C. § 271(e)(4), including, but not limited to, the specific remedy provided in 35 U.S.C. § 271(e)(4)(A), which provides that the Court "shall order the effective date of any approval of the drug … involved in

the infringement to be a date which is not earlier than the date of the expiration of the patent which has been infringed."

**PARTIES**

3.      Plaintiff Genentech is a corporation organized and existing under the laws of Delaware, having its principal place of business at 1 DNA Way, South San Francisco, CA 94080. Genentech develops and commercializes pharmaceutical products throughout the United States, including within this judicial district, on its own behalf and on behalf of its affiliates within the Roche group of companies, including InterMune. Genentech holds New Drug Applications ("NDAs") in the United States for (i) Esbriet® capsules, 267 mg and (ii) Esbriet® tablets, 267, 534, and 801 mg. Genentech is also exclusively licensed by InterMune under the below-listed Asserted Patents, which cover Esbriet® FDA-approved formulations and its FDA-approved uses for safely and effectively treating Idiopathic Pulmonary Fibrosis.

4.      Plaintiff InterMune is a corporation organized and existing under the laws of Delaware, having its principal place of business at 1 DNA Way, South San Francisco, CA 94080. InterMune owns the United States patents that have been listed with the FDA in connection with the NDAs held by Genentech for Esbriet®, including, but not limited to, all the Asserted Patents listed below.

5.      On information and belief, Defendant Shilpa Medicare Limited is a corporation organized and existing under the laws of India, having a principal place of business at 12-6-214/A-1 Hyderabad Road, Raichur – 584 135, Karnataka, India.

6.      On information and belief, Shilpa is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States,

including within the State of Delaware, through its own actions and through the actions of its agents and joint ventures from which Shilpa derives a substantial portion of its revenue.

7.      On information and belief, Shilpa prepared and submitted ANDA No. 212606 (the "Shilpa ANDA") for Shilpa's 267 and 801 mg pirfenidone tablets (the "Shilpa ANDA Product"). On further information and belief, following FDA approval of the Shilpa ANDA, Shilpa will manufacture and supply the approved generic product, which it will then market and sell the product throughout the United States.

## JURISDICTION AND VENUE

8.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq.,* seeking a finding and declaratory judgment of patent infringement under 35 U.S.C. § 271(e)(2)(A) and the remedies provided under the Hatch-Waxman Act specified in 35 U.S.C. § 271(e)(4). Jurisdiction exists under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and venue is proper in this Court under 28 U.S.C. §§ 1391(c) and 1400(b).

9.      Venue is proper in this Court because, among other things, Shilpa is a foreign corporation not residing in any United States district and may be sued in any judicial district. 28 U.S.C. § 1391(c).

## PERSONAL JURISDICTION OVER SHILPA

10.     Plaintiffs reallege paragraphs 1-9 as if fully set forth herein.

11.     On information and belief, Shilpa develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

12.     This Court has personal jurisdiction over Shilpa because, *inter alia*, Shilpa, on information and belief: (1) has substantial, continuous, and systematic contacts with this State,

3

either directly or through at least one of its joint ventures or agents; (2) intends to market, sell, and/or distribute the Shilpa ANDA Products to residents of this State upon approval of the Shilpa ANDA, either directly or through at least one of its joint ventures or agents; (3) enjoys substantial income from sales of its generic pharmaceutical products in this State; and (4) Shilpa previously consented to personal jurisdiction in this District in a pending related action filed in this District, *Genentech, Inc. et al. v. Shilpa Medicare Limited*, No. 19-130 (RGA) (D. Del. filed Jan. 23, 2019).

13.     Alternatively, to the extent the above facts do not establish personal jurisdiction over Shilpa, this Court may exercise jurisdiction over Shilpa pursuant to Fed. R. Civ. P. 4(k)(2) because: (a) Plaintiffs' claims arise under federal law; (b) Shilpa would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) Shilpa has sufficient contacts with the United States as a whole, including, but not limited to, filing ANDAs with the FDA and manufacturing and selling generic pharmaceutical products through its U.S. subsidiaries that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Shilpa satisfies due process.

## BACKGROUND FACTS

14.     Esbriet®, which contains pirfenidone as its active ingredient, is a drug used for treating patients afflicted with a rare, fatal lung disease called Idiopathic Pulmonary Fibrosis ("IPF").

15.     IPF results in scarring of the lungs, which makes breathing difficult and prevents the heart, muscles, and vital organs from receiving enough oxygen to work properly. The disease can advance quickly or slowly, but eventually the lungs will harden and stop working altogether. The prognosis for IPF patients is extremely poor, with patients experiencing significant

progressive worsening of disease, and median survival of 2-5 years after diagnosis. IPF is irreversible and fatal. The cause is unknown, and there is no cure.

16.    Prior to Esbriet®, no drug had been approved in the United States as safe and effective for treating IPF. Approval in the United States came only after extensive clinical research by Plaintiff InterMune, which demonstrated that Esbriet® slows progression of the disease. The FDA's approval of Esbriet® would not have been possible without the twelve years of effort by InterMune, a biopharmaceutical company that dedicated itself to developing medicines for treating IPF.

17.    The FDA approved the first NDA for Esbriet® on October 15, 2014, shortly after Plaintiff InterMune was acquired by Plaintiff Genentech. This approval did not come easily. The FDA initially denied approval in 2010 following many years of research & development and multiple clinical trials. This necessitated further large-scale clinical trials and resubmission of the NDA in 2014. The clinical experimentation spanned over a decade and these combined results ultimately convinced the FDA that Esbriet® could be used safely and effectively to treat IPF patients.

18.    When it first approved Esbriet®, the FDA accorded it status as a Breakthrough Therapy, and awarded Esbriet® Orphan Drug Exclusivity for treating IPF, which runs until October 15, 2021.

19.    Shilpa now seeks to piggy-back on Plaintiffs' hard work by seeking FDA approval of the Shilpa ANDA that cross-references and relies upon Plaintiffs' clinical trial data. In so doing, Shilpa has not conducted any of the clinical trials needed to demonstrate effectiveness and safe conditions of use for its proposed Shilpa ANDA Product. Rather, Shilpa

asks that the FDA permit the Shilpa ANDA to rely on proprietary clinical data submitted by Plaintiffs InterMune and Genentech.

20. This action arose when Shilpa sent a letter notifying Plaintiffs that (i) it had filed the Shilpa ANDA seeking to rely on Plaintiffs' safety and efficacy data without consent, and (ii) it is seeking FDA approval to commercially launch the Shilpa ANDA Product before Plaintiffs' exclusive patent rights to Esbriet® have expired.

## THE ASSERTED PATENTS

- U.S. Patent No. 7,566,729

21. U.S. Patent No. 7,566,729 ("the '729 patent"), entitled "Modifying Pirfenidone Treatment for Patients with Atypical Liver Function," was duly and legally issued by the United States Patent & Trademark Office ("Patent Office") on July 28, 2009, and has not expired.

22. Plaintiffs have maintained the entire right, title, and interest in the '729 patent throughout the period of Defendant's infringement and have the exclusive right to sue for infringement. A copy of the '729 patent is attached as Exhibit 1.

- U.S. Patent No. 7,635,707

23. U.S. Patent No. 7,635,707 ("the '707 patent"), entitled "Pirfenidone Treatment for Patients with Atypical Liver Function," was duly and legally issued by the Patent Office on December 22, 2009, and has not expired.

24. Plaintiffs have maintained the entire right, title, and interest in the '707 patent throughout the period of Defendant's infringement and have the exclusive right to sue for infringement. A copy of the '707 patent is attached as Exhibit 2.

- U.S. Patent No. 7,767,700

25.     U.S. Patent No. 7,767,700 ("the '700 patent"), entitled "Method of Providing Pirfenidone Therapy to a Patient," was duly and legally issued by the Patent Office on August 3, 2010, and has not expired.

26.     Plaintiffs have maintained the entire right, title, and interest in the '700 patent throughout the period of Defendant's infringement and have the exclusive right to sue for infringement. A copy of the '700 patent is attached as Exhibit 3.

- U.S. Patent No. 7,816,383

27.     U.S. Patent No. 7,816,383 ("the '383 patent"), entitled "Methods of Administering Pirfenidone Therapy," was duly and legally issued by the Patent Office on October 19, 2010, and has not expired.

28.     Plaintiffs have maintained the entire right, title, and interest in the '383 patent throughout the period of Defendant's infringement and have the exclusive right to sue for infringement. A copy of the '383 patent is attached as Exhibit 4.

- U.S. Patent No. 7,910,610

29.     U.S. Patent No. 7,910,610 ("the '610 patent"), entitled "Methods of Administering Pirfenidone Therapy," was duly and legally issued by the Patent Office on March 22, 2011, and has not expired.

30.     Plaintiffs have maintained the entire right, title, and interest in the '610 patent throughout the period of Defendant's infringement and have the exclusive right to sue for infringement. A copy of the '610 patent is attached as Exhibit 5.

- U.S. Patent No. 8,013,002

31.     U.S. Patent No. 8,013,002 ("the '002 patent"), entitled "Methods of Administering Pirfenidone Therapy," was duly and legally issued by the Patent Office on September 6, 2011, and has not expired.

32.     Plaintiffs have maintained the entire right, title, and interest in the '002 patent throughout the period of Defendant's infringement and have the exclusive right to sue for infringement. A copy of the '002 patent is attached as Exhibit 6.

- U.S. Patent No. 8,318,780

33.     U.S. Patent No. 8,318,780 ("the '780 patent"), entitled "Methods of Administering Pirfenidone Therapy," was duly and legally issued by the Patent Office on November 27, 2012, and has not expired.

34.     Plaintiffs have maintained the entire right, title, and interest in the '780 patent throughout the period of Defendant's infringement and have the exclusive right to sue for infringement. A copy of the '780 patent is attached as Exhibit 7.

- U.S. Patent No. 8,420,674

35.     U.S. Patent No. 8,420,674 ("the '674 patent"), entitled "Method of Providing Pirfenidone Therapy to a Patient," was duly and legally issued by the Patent Office on April 16, 2013, and has not expired.

36.     Plaintiffs have maintained the entire right, title, and interest in the '674 patent throughout the period of Defendant's infringement and have the exclusive right to sue for infringement. A copy of the '674 patent is attached as Exhibit 8.

- U.S. Patent No. 8,592,462

37.    U.S. Patent No. 8,592,462 ("the '462 patent"), entitled "Pirfenidone Treatment for Patients with Atypical Liver Function," was duly and legally issued by the Patent Office on November 26, 2013, and has not expired.

38.    Plaintiffs have maintained the entire right, title, and interest in the '462 patent throughout the period of Defendant's infringement. A copy of the '462 patent is attached as Exhibit 9.

- U.S. Patent No. 8,609,701

39.    U.S. Patent No. 8,609,701 ("the '701 patent"), entitled "Pirfenidone Treatment for Patients with Atypical Liver Function," was duly and legally issued by the Patent Office on December 17, 2013, and has not expired.

40.    Plaintiffs have maintained the entire right, title, and interest in the '701 patent throughout the period of Defendant's infringement and have the exclusive right to sue for infringement. A copy of the '701 patent is attached as Exhibit 10.

41.    The '729, '707, '700, '383, '610, '002, '780, '674, '462, and '701 patents are referred to collectively herein as the "Asserted Patents."

## ACTS GIVING RISE TO THIS ACTION

42.    Plaintiff Genentech is the holder of NDA No. 208780 (the "Genentech NDA") by which the FDA granted approval for 267, 534, and 801 mg pirfenidone tablets for treating IPF. Genentech holds the exclusive right to market these tablets in the United States under the trademark Esbriet®.

9

43.    Esbriet® tablets and the use of Esbriet® tablets in accordance with its FDA-approved label are covered by one or more claims of the Asserted Patents, among other patents.

44.    The FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") lists the Asserted Patents, among other patents, in connection with Esbriet® tablets.

45.    Plaintiffs filed a previous action in this Court against Shilpa for patent infringement, which included counts of infringement for U.S. Patent Nos. 8,383,150 ("the '150 patent") and 8,778,947 ("the '947 patent"), in *Genentech, Inc. et al. v. Shilpa Medicare Limited*, Civil Action No. 19-130 (RGA) (D. Del. filed Jan. 23, 2019), consolidated into Civil Action No. 19-78 (RGA) ("the 2019 Action").

46.    Plaintiffs filed the 2019 Action in response to a letter from Shilpa dated December 10, 2018 (the "2018 Notice Letter") purporting to be a "Patent Certification Notice" for the Shilpa ANDA pursuant to § 505(j)(2)(b)(iv) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95, wherein Shilpa notified Plaintiffs that it had submitted the Shilpa ANDA to the FDA with a patent certification seeking approval for commercial manufacture, use, and sale of the Shilpa ANDA Product in the United States prior to the expiration of the '150 and '947 patents (the "2018 Paragraph IV Certification"). On information and belief, Shilpa's 2018 Paragraph IV Certification was limited to the '150 and '947 patents as of the date of the 2018 Notice Letter.

47.    Plaintiffs filed the 2019 Action asserting the '150 and '947 patents prior to the expiration of forty-five (45) days from Plaintiffs' receipt of the 2018 Notice Letter.

48.    By letter dated March 30, 2020 (the "2020 Notice Letter") Shilpa notified Plaintiffs that Shilpa had amended its ANDA to include an amended certification under the

10

Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) to obtain approval to engage in the commercial manufacture, use, sale or importation of its proposed Shilpa ANDA Product before the expiration of the Asserted Patents herein (the "2020 Amended Paragraph IV Certification").

49.     Shilpa notified Plaintiffs in the 2020 Notice Letter that it had amended the patent certification in its ANDA to incorporate the new 2020 Amended Paragraph IV Certification. On information and belief, Shilpa's 2020 Amended Paragraph IV Certification alleges that the Asserted Patents are invalid, unenforceable and/or will not be infringed by the commercial manufacture, use, and sale of the Shilpa ANDA Product in the United States.

50.     By filing and continuing to maintain the Shilpa ANDA, Shilpa has necessarily represented to the FDA that the Shilpa ANDA Product will have the same pirfenidone active ingredient, route of administration, dosage form, and dosage strengths as Plaintiffs' FDA-approved Esbriet® tablets, and will be bioequivalent.

51.     This Complaint is being filed before the expiration of forty-five (45) days from the date Plaintiffs received Shilpa's 2020 Notice Letter.

**COUNT I**
**INFRINGEMENT OF THE '729 PATENT**

52.     Plaintiffs reallege paragraphs 1 to 51 as if fully set forth herein.

53.     Shilpa's 2020 Notice Letter regarding its 2020 Amended Paragraph IV Certification does not deny that the Shilpa ANDA Product will infringe the '729 patent.

54.     On information and belief, Shilpa does not deny that the Shilpa ANDA Product will infringe at least certain claims of the '729 patent.

55.     Defendant's submission of the Shilpa ANDA to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of the Shilpa ANDA Product in the United

11

States prior to the expiration of the '729 patent infringed at least one of the claims of the '729 patent, either literally or under the doctrine of equivalents under 35 U.S.C. § 271(e)(2)(A).

56.    Defendant's manufacture, use, offer to sell, or sale of the Shilpa ANDA Product in the United States or importation of the Shilpa ANDA Product into the United States during the term of the '729 patent would further infringe at least one claim of the '729 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

57.    On information and belief, the Shilpa ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '729 patent either literally or under the doctrine of equivalents.

58.    On information and belief, the use of the Shilpa ANDA Product constitutes a material part of at least one of the claims of the '729 patent; Defendant knows that the Shilpa ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '729 patent, either literally or under the doctrine of equivalents; and the Shilpa ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

59.    On information and belief, the offering to sell, sale, and/or importation of the Shilpa ANDA Product would contributorily infringe at least one of the claims of the '729 patent, either literally or under the doctrine of equivalents.

60.    On information and belief, Shilpa had knowledge of the '729 patent and, by its promotional activities and package inserts for the Shilpa ANDA Product, knows or should know that it will aid and abet others' direct infringement of at least one of the claims of the '729 patent,

either literally or under the doctrine of equivalents, and specifically intends that those activities will infringe the '729 patent.

61.    On information and belief, the offering to sell, sale, and/or importation of the Shilpa ANDA Product by Defendant would actively induce infringement of at least one of the claims of the '729 patent, either literally or under the doctrine of equivalents.

62.    If Defendant's marketing and sale of the Shilpa ANDA Product prior to expiration of the '729 patent and all other relevant exclusivities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

## COUNT II
## INFRINGEMENT OF THE '707 PATENT

63.    Plaintiffs reallege paragraphs 1 to 62 as if fully set forth herein.

64.    Shilpa's 2020 Notice Letter regarding its 2020 Amended Paragraph IV Certification does not deny that the Shilpa ANDA Product will infringe the '707 patent.

65.    On information and belief, Shilpa does not deny that the Shilpa ANDA Product will infringe at least certain claims of the '707 patent.

66.    Defendant's submission of the Shilpa ANDA to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of the Shilpa ANDA Product in the United States prior to the expiration of the '707 patent infringed at least one of the claims of '707 patent, either literally or under the doctrine of equivalents under 35 U.S.C. § 271(e)(2)(A).

67.    Defendant's manufacture, use, offer to sell, or sale of the Shilpa ANDA Product in the United States or importation of the Shilpa ANDA Product into the United States during the term of the '707 patent would further infringe at least one claim of the '707 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

68. On information and belief, the Shilpa ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '707 patent either literally or under the doctrine of equivalents.

69. On information and belief, the use of the Shilpa ANDA Product constitutes a material part of at least one of the claims of the '707 patent; Defendant knows that the Shilpa ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '707 patent, either literally or under the doctrine of equivalents; and the Shilpa ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

70. On information and belief, the offering to sell, sale, and/or importation of the Shilpa ANDA Product would contributorily infringe at least one of the claims of the '707 patent, either literally or under the doctrine of equivalents.

71. On information and belief, Shilpa had knowledge of the '707 patent and, by its promotional activities and package inserts for the Shilpa ANDA Product, knows or should know that it will aid and abet others' direct infringement of at least one of the claims of the '707 patent, either literally or under the doctrine of equivalents, and specifically intends that those activities will infringe the '707 patent.

72. On information and belief, the offering to sell, sale, and/or importation of the Shilpa ANDA Product by Defendant would actively induce infringement of at least one of the claims of the '707 patent, either literally or under the doctrine of equivalents.

73.     If Defendant's marketing and sale of the Shilpa ANDA Product prior to expiration of the '707 patent and all other relevant exclusivities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

**COUNT III**
**INFRINGEMENT OF THE '700 PATENT**

74.     Plaintiffs reallege paragraphs 1 to 73 as if fully set forth herein.

75.     Shilpa's 2020 Notice Letter regarding its 2020 Amended Paragraph IV Certification does not deny that the Shilpa ANDA Product will infringe claims 1-4 of the '700 patent.

76.     On information and belief, Shilpa does not deny that the Shilpa ANDA Product will infringe at least certain claims of the '700 patent.

77.     Defendant's submission of the Shilpa ANDA to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of the Shilpa ANDA Product in the United States prior to the expiration of the '700 patent infringed at least one of the claims of the '700 patent, including but not limited to claims 1-4, either literally or under the doctrine of equivalents under 35 U.S.C. § 271(e)(2)(A).

78.     Defendant's manufacture, use, offer to sell, or sale of the Shilpa ANDA Product in the United States or importation of the Shilpa ANDA Product into the United States during the term of the '700 patent would further infringe at least one claim of the '700 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

79.     On information and belief, the Shilpa ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '700 patent either literally or under the doctrine of equivalents.

80. On information and belief, the use of the Shilpa ANDA Product constitutes a material part of at least one of the claims of the '700 patent; Defendant knows that the Shilpa ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '700 patent, either literally or under the doctrine of equivalents; and the Shilpa ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

81. On information and belief, the offering to sell, sale, and/or importation of the Shilpa ANDA Product would contributorily infringe at least one of the claims of the '700 patent, either literally or under the doctrine of equivalents.

82. On information and belief, Shilpa had knowledge of the '700 patent and, by its promotional activities and package inserts for the Shilpa ANDA Product, knows or should know that it will aid and abet others' direct infringement of at least one of the claims of the '700 patent, either literally or under the doctrine of equivalents, and specifically intends that those activities will infringe the '700 patent.

83. On information and belief, the offering to sell, sale, and/or importation of the Shilpa ANDA Product by Defendant would actively induce infringement of at least one of the claims of the '700 patent, either literally or under the doctrine of equivalents.

84. If Defendant's marketing and sale of the Shilpa ANDA Product prior to expiration of the '700 patent and all other relevant exclusivities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

## COUNT IV
## INFRINGEMENT OF THE '383 PATENT

85. Plaintiffs reallege paragraphs 1 to 84 as if fully set forth herein.

16

86.     Shilpa's 2020 Notice Letter regarding its 2020 Amended Paragraph IV Certification does not deny that the Shilpa ANDA Product will infringe the '383 patent.

87.     On information and belief, Shilpa does not deny that the Shilpa ANDA Product will infringe at least certain claims of the '383 patent.

88.     Defendant's submission of the Shilpa ANDA to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of the Shilpa ANDA Product in the United States prior to the expiration of the '383 patent infringed at least one of the claims of the '383 patent, either literally or under the doctrine of equivalents under 35 U.S.C. § 271(e)(2)(A).

89.     Defendant's manufacture, use, offer to sell, or sale of the Shilpa ANDA Product in the United States or importation of the Shilpa ANDA Product into the United States during the term of the '383 patent would further infringe at least one claim of the '383 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

90.     On information and belief, the Shilpa ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '383 patent either literally or under the doctrine of equivalents.

91.     On information and belief, the use of the Shilpa ANDA Product constitutes a material part of at least one of the claims of the '383 patent; Defendant knows that the Shilpa ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '383 patent, either literally or under the doctrine of equivalents; and the Shilpa ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

92.     On information and belief, the offering to sell, sale, and/or importation of the Shilpa ANDA Product would contributorily infringe at least one of the claims of the '383 patent, either literally or under the doctrine of equivalents.

93.     On information and belief, Shilpa had knowledge of the '383 patent and, by its promotional activities and package inserts for the Shilpa ANDA Product, knows or should know that it will aid and abet others' direct infringement of at least one of the claims of the '383 patent, either literally or under the doctrine of equivalents, and specifically intends that those activities will infringe the '383 patent.

94.     On information and belief, the offering to sell, sale, and/or importation of the Shilpa ANDA Product by Defendant would actively induce infringement of at least one of the claims of the '383 patent, either literally or under the doctrine of equivalents.

95.     If Defendant's marketing and sale of the Shilpa ANDA Product prior to expiration of the '383 patent and all other relevant exclusivities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

## COUNT V
## INFRINGEMENT OF THE '610 PATENT

96.     Plaintiffs reallege paragraphs 1 to 95 as if fully set forth herein.

97.     Shilpa's 2020 Notice Letter regarding its 2020 Amended Paragraph IV Certification does not deny that the Shilpa ANDA Product will infringe the '610 patent.

98.     On information and belief, Shilpa does not deny that the Shilpa ANDA Product will infringe at least certain claims of the '610 patent.

99.     Defendant's submission of the Shilpa ANDA to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of the Shilpa ANDA Product in the United

States prior to the expiration of the '610 patent infringed at least one of the claims of the '610 patent, either literally or under the doctrine of equivalents under 35 U.S.C. § 271(e)(2)(A).

100.    Defendant's manufacture, use, offer to sell, or sale of the Shilpa ANDA Product in the United States or importation of the Shilpa ANDA Product into the United States during the term of the '610 patent would further infringe at least one claim of the '610 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

101.    On information and belief, the Shilpa ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '610 patent either literally or under the doctrine of equivalents.

102.    On information and belief, the use of the Shilpa ANDA Product constitutes a material part of at least one of the claims of the '610 patent; Defendant knows that the Shilpa ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '610 patent, either literally or under the doctrine of equivalents; and the Shilpa ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

103.    On information and belief, the offering to sell, sale, and/or importation of the Shilpa ANDA Product would contributorily infringe at least one of the claims of the '610 patent, either literally or under the doctrine of equivalents.

104.    On information and belief, Shilpa had knowledge of the '610 patent and, by its promotional activities and package inserts for the Shilpa ANDA Product, knows or should know that it will aid and abet others' direct infringement of at least one of the claims of the '610 patent,

either literally or under the doctrine of equivalents, and specifically intends that those activities will infringe the '610 patent.

105.     On information and belief, the offering to sell, sale, and/or importation of the Shilpa ANDA Product by Defendant would actively induce infringement of at least one of the claims of the '610 patent, either literally or under the doctrine of equivalents.

106.     If Defendant's marketing and sale of the Shilpa ANDA Product prior to expiration of the '610 patent and all other relevant exclusivities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

## COUNT VI
## INFRINGEMENT OF THE '002 PATENT

107.     Plaintiffs reallege paragraphs 1 to 106 as if fully set forth herein.

108.     Shilpa's 2020 Notice Letter regarding its 2020 Amended Paragraph IV Certification does not deny that the Shilpa ANDA Product will infringe the '002 patent.

109.     On information and belief, Shilpa does not deny that the Shilpa ANDA Product will infringe at least certain claims of the '002 patent.

110.     Defendant's submission of the Shilpa ANDA to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of the Shilpa ANDA Product in the United States prior to the expiration of the '002 patent infringed at least one of the claims of the '002 patent, either literally or under the doctrine of equivalents under 35 U.S.C. § 271(e)(2)(A).

111.     Defendant's manufacture, use, offer to sell, or sale of the Shilpa ANDA Product in the United States or importation of the Shilpa ANDA Product into the United States during the term of the '002 patent would further infringe at least one claim of the '002 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

20

112.   On information and belief, the Shilpa ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '002 patent either literally or under the doctrine of equivalents.

113.   On information and belief, the use of the Shilpa ANDA Product constitutes a material part of at least one of the claims of the '002 patent; Defendant knows that the Shilpa ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '002 patent, either literally or under the doctrine of equivalents; and the Shilpa ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

114.   On information and belief, the offering to sell, sale, and/or importation of the Shilpa ANDA Product would contributorily infringe at least one of the claims of the '002 patent, either literally or under the doctrine of equivalents.

115.   On information and belief, Shilpa had knowledge of the '002 patent and, by its promotional activities and package inserts for the Shilpa ANDA Product, knows or should know that it will aid and abet others' direct infringement of at least one of the claims of the '002 patent, either literally or under the doctrine of equivalents, and specifically intends that those activities will infringe the '002 patent.

116.   On information and belief, the offering to sell, sale, and/or importation of the Shilpa ANDA Product by Defendant would actively induce infringement of at least one of the claims of the '002 patent, either literally or under the doctrine of equivalents.

117. If Defendant's marketing and sale of the Shilpa ANDA Product prior to expiration of the '002 patent and all other relevant exclusivities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

**COUNT VII**
**INFRINGEMENT OF THE '780 PATENT**

118. Plaintiffs reallege paragraphs 1 to 117 as if fully set forth herein.

119. Shilpa's 2020 Notice Letter regarding its 2020 Amended Paragraph IV Certification does not deny that the Shilpa ANDA Product will infringe the '780 patent.

120. On information and belief, Shilpa does not deny that the Shilpa ANDA Product will infringe at least certain claims of the '780 patent.

121. Defendant's submission of the Shilpa ANDA to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of the Shilpa ANDA Product in the United States prior to the expiration of the '780 patent infringed at least one of the claims of the '780 patent, either literally or under the doctrine of equivalents under 35 U.S.C. § 271(e)(2)(A).

122. Defendant's manufacture, use, offer to sell, or sale of the Shilpa ANDA Product in the United States or importation of the Shilpa ANDA Product into the United States during the term of the '780 patent would further infringe at least one claim of the '780 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

123. On information and belief, the Shilpa ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '780 patent either literally or under the doctrine of equivalents.

124. On information and belief, the use of the Shilpa ANDA Product constitutes a material part of at least one of the claims of the '780 patent; Defendant knows that the Shilpa

ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '780 patent, either literally or under the doctrine of equivalents; and the Shilpa ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

125. On information and belief, the offering to sell, sale, and/or importation of the Shilpa ANDA Product would contributorily infringe at least one of the claims of the '780 patent, either literally or under the doctrine of equivalents.

126. On information and belief, Shilpa had knowledge of the '780 patent and, by its promotional activities and package inserts for the Shilpa ANDA Product, knows or should know that it will aid and abet others' direct infringement of at least one of the claims of the '780 patent, either literally or under the doctrine of equivalents, and specifically intends that those activities will infringe the '780 patent.

127. On information and belief, the offering to sell, sale, and/or importation of the Shilpa ANDA Product by Defendant would actively induce infringement of at least one of the claims of the '780 patent, either literally or under the doctrine of equivalents.

128. If Defendant's marketing and sale of the Shilpa ANDA Product prior to expiration of the '780 patent and all other relevant exclusivities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

**COUNT VIII**
**INFRINGEMENT OF THE '674 PATENT**

129. Plaintiffs reallege paragraphs 1 to 128 as if fully set forth herein.

130. Shilpa's 2020 Notice Letter regarding its 2020 Amended Paragraph IV Certification does not deny that the Shilpa ANDA Product will infringe claims 6-10 of the '674 patent.

23

131. On information and belief, Shilpa does not deny that the Shilpa ANDA Product will infringe at least certain claims of the '674 patent.

132. Defendant's submission of the Shilpa ANDA to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of the Shilpa ANDA Product in the United States prior to the expiration of the '674 patent infringed at least one of the claims of the '674 patent, including but not limited to claims 6-10, either literally or under the doctrine of equivalents under 35 U.S.C. § 271(e)(2)(A).

133. Defendant's manufacture, use, offer to sell, or sale of the Shilpa ANDA Product in the United States or importation of the Shilpa ANDA Product into the United States during the term of the '674 patent would further infringe at least one claim of the '674 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

134. On information and belief, the Shilpa ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '674 patent either literally or under the doctrine of equivalents.

135. On information and belief, the use of the Shilpa ANDA Product constitutes a material part of at least one of the claims of the '674 patent; Defendant knows that the Shilpa ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '674 patent, either literally or under the doctrine of equivalents; and the Shilpa ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

136.   On information and belief, the offering to sell, sale, and/or importation of the Shilpa ANDA Product would contributorily infringe at least one of the claims of the '674 patent, either literally or under the doctrine of equivalents.

137.   On information and belief, Shilpa had knowledge of the '674 patent and, by its promotional activities and package inserts for the Shilpa ANDA Product, knows or should know that it will aid and abet others' direct infringement of at least one of the claims of the '674 patent, either literally or under the doctrine of equivalents, and specifically intends that those activities will infringe the '674 patent.

138.   On information and belief, the offering to sell, sale, and/or importation of the Shilpa ANDA Product by Defendant would actively induce infringement of at least one of the claims of the '674 patent, either literally or under the doctrine of equivalents.

139.   If Defendant's marketing and sale of the Shilpa ANDA Product prior to expiration of the '674 patent and all other relevant exclusivities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

**COUNT IX**
**INFRINGEMENT OF THE '462 PATENT**

140.   Plaintiffs reallege paragraphs 1 to 139 as if fully set forth herein.

141.   Shilpa's 2020 Notice Letter regarding its 2020 Amended Paragraph IV Certification does not deny that the Shilpa ANDA Product will infringe the '462 patent.

142.   On information and belief, Shilpa does not deny that the Shilpa ANDA Product will infringe at least certain claims of the '462 patent.

143.   Defendant's submission of the Shilpa ANDA to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of the Shilpa ANDA Product in the United

States prior to the expiration of the '462 patent infringed at least one of the claims of the '462 patent, either literally or under the doctrine of equivalents under 35 U.S.C. § 271(e)(2)(A).

144.   Defendant's manufacture, use, offer to sell, or sale of the Shilpa ANDA Product in the United States or importation of the Shilpa ANDA Product into the United States during the term of the '462 patent would further infringe at least one claim of the '462 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

145.   On information and belief, the Shilpa ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '462 patent either literally or under the doctrine of equivalents.

146.   On information and belief, the use of the Shilpa ANDA Product constitutes a material part of at least one of the claims of the '462 patent; Defendant knows that the Shilpa ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '462 patent, either literally or under the doctrine of equivalents; and the Shilpa ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

147.   On information and belief, the offering to sell, sale, and/or importation of the Shilpa ANDA Product would contributorily infringe at least one of the claims of the '462 patent, either literally or under the doctrine of equivalents.

148.   On information and belief, Shilpa had knowledge of the '462 patent and, by its promotional activities and package inserts for the Shilpa ANDA Product, knows or should know that it will aid and abet others' direct infringement of at least one of the claims of the '462 patent,

either literally or under the doctrine of equivalents, and specifically intends that those activities will infringe the '462 patent.

149.   On information and belief, the offering to sell, sale, and/or importation of the Shilpa ANDA Product by Defendant would actively induce infringement of at least one of the claims of the '462 patent, either literally or under the doctrine of equivalents.

150.   If Defendant's marketing and sale of the Shilpa ANDA Product prior to expiration of the '462 patent and all other relevant exclusivities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

## COUNT X
## INFRINGEMENT OF THE '701 PATENT

151.   Plaintiffs reallege paragraphs 1 to 150 as if fully set forth herein.

152.   Shilpa's 2020 Notice Letter regarding its 2020 Amended Paragraph IV Certification does not deny that the Shilpa ANDA Product will infringe claims 1-17 and 19 of the '701 patent.

153.   On information and belief, Shilpa does not deny that the Shilpa ANDA Product will infringe at least certain claims of the '701 patent.

154.   Defendant's submission of the Shilpa ANDA to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of the Shilpa ANDA Product in the United States prior to the expiration of the '701 patent infringed at least one of the claims of the '701 patent, including claims 1-17 and 19, either literally or under the doctrine of equivalents under 35 U.S.C. § 271(e)(2)(A).

155.   Defendant's manufacture, use, offer to sell, or sale of the Shilpa ANDA Product in the United States or importation of the Shilpa ANDA Product into the United States during the

27

term of the '701 patent would further infringe at least one claim of the '701 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

156. On information and belief, the Shilpa ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '701 patent either literally or under the doctrine of equivalents.

157. On information and belief, the use of the Shilpa ANDA Product constitutes a material part of at least one of the claims of the '701 patent; Defendant knows that the Shilpa ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '701 patent, either literally or under the doctrine of equivalents; and the Shilpa ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

158. On information and belief, the offering to sell, sale, and/or importation of the Shilpa ANDA Product would contributorily infringe at least one of the claims of the '701 patent, either literally or under the doctrine of equivalents.

159. On information and belief, Shilpa had knowledge of the '701 patent and, by its promotional activities and package inserts for the Shilpa ANDA Product, knows or should know that it will aid and abet others' direct infringement of at least one of the claims of the '701 patent, either literally or under the doctrine of equivalents, and specifically intends that those activities will infringe the '701 patent.

160. On information and belief, the offering to sell, sale, and/or importation of the Shilpa ANDA Product by Defendant would actively induce infringement of at least one of the claims of the '701 patent, either literally or under the doctrine of equivalents.

161.    If Defendant's marketing and sale of the Shilpa ANDA Product prior to expiration of the '701 patent and all other relevant exclusivities are not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no remedy at law.

*       *       *

162.    Defendant's activities, as alleged herein, were undertaken with knowledge of the Asserted Patents and without a good faith belief that they are not infringing those patents. This is an exceptional case.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

1.    A judgment that the claims of the Asserted Patents were infringed by Defendant's submission of the Shilpa ANDA, either literally or under the doctrine of equivalents, and are not invalid or unenforceable, and that Defendant's making, using, offering to sell, or selling in the United States, or importing into the United States the Shilpa ANDA Product will infringe the claims of the Asserted Patents, either literally or under the doctrine of equivalents.

2.    An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval of the Shilpa ANDA shall be a date which is not earlier than the latest expiration date of the Asserted Patents, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled.

3.    An Order permanently enjoining Defendant, its affiliates, subsidiaries, and each of its officers, agents, servants and employees and those acting in privity or concert with them, from making, using, offering to sell, or selling in the United States, or importing into the United States the Shilpa ANDA Product until after the latest expiration date of the Asserted

Patents, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled.

4.     Damages or other monetary relief, including costs, fees, pre- and post-judgment interest, to Plaintiffs if Defendant engages in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of the Shilpa ANDA Product prior to the latest expiration date of the Asserted Patents, including any extensions and/or additional periods of exclusivity to which Plaintiffs are or become entitled.

5.     Such further and other relief as this Court deems proper and just, including any appropriate relief under 35 U.S.C. § 285.

MORRIS NICHOLS ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

OF COUNSEL:

Mark E. Waddell
Warren K. MacRae
Ryan Hagglund
Kathleen Gersh
LOEB & LOEB LLP
345 Park Avenue
New York, NY  10154
(212) 407-4000

Jack B. Blumenfeld (#1014)
Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
kjacobs@mnat.com
cclark@mnat.com

*Attorneys for Plaintiffs Genentech, Inc.*
*and InterMune, Inc.*

May 8, 2020

30